```
                  DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS AND ST. JOHN

SALVATORE GERACE, DOTTIE GERACE, )
                                 )
          Plaintiffs,            )
                                 )
     v.                          )      Civil No. 2015-74
                                 )
VARLACK VENTURES, INC., and      )
HOLLIS B CORP, J QUEST CORP,     )
T.K. SAILING CORP d/b/a NEW      )
HORIZONS CHARTERS,               )
                                 )
          Defendants.            )
```

ATTORNEYS:

**Thomas F. Friedberg**
Law Offices of Friedberg & Bunge
San Diego, CA
   *For Salvatore Gerace and Dottie Gerace,*

**Andrew C. Simpson**
Law Offices of Andrew Simpson
St. Croix, U.S.V.I.
   *For Varlack Ventures, Inc.,*

**Jennifer Quildon Miller-Brooks**
Hanilton, Miller & Birthisel, LLP
Miami, FL
   *For Hollis B Corp; J Quest Corp; and T.K. Sailing Corp.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Hollis B Corp, J Quest Corp, and T.K. Sailing d/b/a New Horizons Charters to dismiss the complaint of Salvatore Gerace and Dottie Gerace (collectively the "Geraces") for failure to state a claim.

*Gerace v. Varlack Ventures, Inc., et. al.*
Civil No. 2015-74
Order
Page 2

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement of relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps[1]:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

---

[1] *Iqbal* describes the process as a "two-pronged approach" but the Supreme Court took note of the elements a plaintiff must plead to state a claim before proceeding to its two-step approach. Accordingly, the Third Circuit has deemed the process a three step approach. *See Santiago*, 629 F.3d at 130.

*Gerace v. Varlack Ventures, Inc., et. al.*
Civil No. 2015-74
Order
Page 4

The premises considered, and for the reasons stated by the Court during the September 27, 2016, hearing, it is hereby

**ORDERED** that the motion of Hollis B Corp, J Quest Corp, and T.K. Sailing d/b/a New Horizons Charters to dismiss the complaint of the Geraces for failure to state a claim is **DENIED**.

                                                  S\_____
                                                    **Curtis V. Gómez**
                                                    **District Judge**