DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS AND ST. JOHN

SALVATORE GERACE, DOTTIE GERACE, )
                                 )
            Plaintiffs,           )
                                 )
       v.                         )    Civil No. 2015-74
                                 )
VARLACK VENTURES, INC.; HOLLIS    )
B CORP; J. QUEST CORP; T.K.       )
SAILING CORP d/b/a NEW HORIZONS   )
CHARTERS,                         )
                                 )
            Defendants.           )
                                 )
WILLIAM LONNIE MOFFITT, MARY      )
JANE MOFFITT,                     )
                                 )
            Plaintiffs,           )
                                 )    Civil No. 2016-82
       v.                         )
                                 )
VARLACK VENTURES, INC.; HOLLIS    )
B CORP; J. QUEST CORP; T.K.       )
SAILING CORP d/b/a NEW HORIZONS   )
CHARTERS,                         )
                                 )
            Defendants.           )

**ATTORNEYS:**

**Thomas F. Friedberg**
Law Offices of Friedberg & Bunge
San Diego, CA
   *For Salvatore Gerace, Dottie Gerace, William Lonnie*
   *Moffitt, Mary Jane Moffitt,*

**Andrew C. Simpson**
Law Offices of Andrew Simpson
St. Croix, U.S.V.I.
   *For Varlack Ventures, Inc.,*

**Jennifer Quildon Miller-Brooks**
Hanilton, Miller & Birthisel, LLP
Miami, FL
    *For Hollis B Corp; J Quest Corp; and T.K. Sailing Corp.*

**Douglas L. Capdeville**
**Melissa Pauline Ortiz**
Law Office of Douglas Capdevill
St. Croix, U.S.V.I.
    *For Hollis B Corp; J Quest Corp; and T.K. Sailing Corp.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Hollis B Corp, J Quest Corp, and T.K. Sailing d/b/a New Horizons Charters to vacate the trial management order and stay these consolidated actions.

## FACTUAL AND PROCEDURAL HISTORY

On October 22, 2014, Salvatore Gerace and Dottie Gerace (the "Geraces") and William Lonnie Moffit and Mary Joyce Moffitt (the "Moffitts") were passengers on the New Horizons, a vessel they assert is owned and operated by Hollis B Corp. ("Hollis"), J Quest Corp. ("J. Quest"), and T.K. Sailing Corp. ("T.K. Sailing"). As the New Horizons was navigating through Pillsbury Sound in St. Thomas, U.S. Virgin Islands, it was struck by the Capital Venture, a vessel owned and operated by Varlack Ventures, Inc. ("Varlack").

The Geraces and Moffitts allege that they were seriously injured as a result of the collision. The Geraces and Moffits also allege that Hollis, J. Quest, J.K. Sailing, T.K. Sailing, and Varlack were each negligent in the operation of their respective vessels. The Geraces and Moffitts further allege that this negligence was the cause of their injuries.

On November 8, 2015, the Geraces commenced a negligence action, docketed at Civil No. 2015-74, against Varlack, Hollis, J. Quest, and T.K. Sailing (the "Gerace Action"). On October 14, 2016, the Moffitts commenced a negligence action, docketed at Civil No. 2016-82, against Varlack, Hollis, J. Quest, and T.K. Sailing d/b/a New Horizons Sailing Charters (the "Moffitt Action").

On February 12, 2016, Hollis filed a Complaint for Exoneration from or Limitation of Liability in Civil No. 2016-14. Thereafter, Hollis moved for an order (1) approving its offered security; and (2) issuing a monition and injunction. In a November 3, 2017, order, the Court granted the motion. As a consequence, all actions against Hollis that arose from or are connected to the October 22, 2014, collision between the New Horizons and Capital Venture were stayed.

On November 21, 2016, the Magistrate Judge issued a trial management order in the Gerace Action and the Moffitt Action. The trial management order consolidated both actions "for all purposes" (the "Consolidated Action"). *See* Civil No. 15-74, ECF No. 72 at 1. The trial management order also set discovery deadlines and scheduled the trial in this matter to commence on July 16, 2018.

Hollis, J. Quest, and T.K. Sailing now move to vacate the trial management order and stay the consolidated cases.

## **DISCUSSION**

The Limitation of Liability Act grants shipowners the right to limit liability for injury and damage claims arising out of accidents involving their vessels. *See* 46 U.S.C. § 30501, *et seq*. As the Supreme Court has explained, the animating purpose of the Act

> was to encourage shipbuilding and to induce the investment of money in this branch of industry by limiting the venture of those who build the ships to the loss of the ship itself or her freight then pending, in cases of damage or wrong happening, without the privity, or knowledge of the shipowner, and by the fault or neglect of the master or other persons on board.

*Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 214 (1927). To that end, the Act provides that the liability of a shipowner arising out of a maritime accident

"shall not exceed the value of the vessel and pending freight," so long as the accident occurred "without the privity or knowledge of the owner." 46 U.S.C. § 3505. These protections extend to the owners of pleasure vessels. *See Keys Jet Ski, Inc. v. Kays*, 893 F.2d 1225, 1228-29 (11th Cir. 1990).

Supplemental Rule F of the Federal Rules of Civil Procedure ("Rule F") outlines the procedure to be followed in limitations actions. First, a shipowner must file a complaint in an appropriate district court within six months of receiving written notice of a claim. Fed. R. Civ. P. Supplemental Rule F(1); *see also* 46 U.S.C. § 30511(a). Thereafter, the shipowner must deposit with the court "a sum equal to the amount or value of the owner's interest in the vessel . . . , or approved security therefor." Supplemental Rule F(1); *see also* 46 U.S.C. § 20511(b)(1).

After a shipowner files a limited liability complaint and complies with the requirements of Rule F(1), the district court must stay all proceedings against the shipowner that involve issues arising out of the subject matter of the limitation action. *See* Supplemental Rule F(3); 46 U.S.C. § 30511(c). The district court will then "direct all potential claimants to file their claims against the shipowner in the district court within a specified period of time." *Gorman v. Cerasia,* 2 F.3d 519, 523

(3d Cir. 1993) (internal quotation marks omitted); *see also* 46 U.S.C. § 30511(c); Supplemental Rule F(3)-(4). Additionally, "[o]n application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Supplemental Rule F(3).

## ANALYSIS

In *Zapata Haynie Corp. v. Arthur*, 926 F.2d 484 (5th Cir. 1991), a vessel owned by Zapata Haynie Corporation ("Zapata") collided with a gas pipeline owned by Natural Gas Pipeline Company of America ("Natural Gas"). *Id.* at 484-85. As a result of the collision, eleven crewmembers of the vessel were killed. *Id.* at 485. Zapata commenced a limitation action in federal court. *Id.* "The district court immediately enjoined the filing, commencement, or further prosecution of any actions or proceedings against Zapata relating to the collision." *Id.* Several parties filed claims in the limitation action. In addition, some of those parties sued the vessel's master in state court. *Id.* Zapata moved to amend the district court's order to forbid the commencement or further prosecution of actions against the master. *Id.* The district court denied the motion and Zapata appealed. *Id.*

On appeal, the Fifth Circuit affirmed. *Id.* at 487. The Fifth Circuit explained the protections offered by the Limitation of Shipowners' Liability Act "are, by their plain terms, conferred on ship *owners* only." *Id.* at 485. Limitation actions were designed "'to release the ship owner from some liability for conduct of the master and other agents of the owner for which these parties were themselves liable.'" Id. (quoting *In re Brent Towing Co., Inc.*, 414 F.Supp. 131, 132 (N.D.Fla.1975)). Further, the Act explicitly provided that

> Nothing in sections 182, 183, 184, 185 and 186 of this title shall be construed to take away or affect the remedy to which any party may be entitled, against the master, officers, or seamen, for or on account of any embezzlement, injury, loss, or destruction of merchandise, or property, put on board any vessel, or on account of any negligence, fraud, or other malversation of such master, officers, or seamen, respectively, nor to lessen or take away any responsibility to which any master or seaman of any vessel may by law be liable, notwithstanding such master or seaman may be an owner or part owner of the vessel.

*Id.* (quoting 46 U.S.C. App'x 187 (1988)). Accordingly, the Fifth Circuit held that "the Act requires stays of proceedings against ship owners; it does not permit stays of proceedings against masters." *Id.* at 486.

In 2006, 46 U.S.C. App'x 187 (1988) was amended and recodified. The statute now reads: "This chapter[, Exoneration

and Limitation of Liability,] does not affect the liability of an individual as a master, officer, or seaman, even though the individual is also an owner of the vessel." 46 U.S.C. § 30512.[1] The Fifth Circuit noted that 46 U.S.C. App'x 187 "emphasize[d]" what the Limitation of Liability Act as a whole made clear: "that the benefits of the [Limitation of Liability Act] apply to owners only." *Zapata Haynie Corp.*, 926 F.2d at 485. Indeed, the Limitation of Liability Act does not broadly direct courts to stay entire actions an owner is involved in or to stay entire actions in which the owner is a defendant. Rather, the Limitation of Liability Act specifically directs courts to stay only those "claims and proceedings *against the owner*." 46 U.S.C. § 30511(c) (emphasis added); *see also* Supplemental Rule F(3) ("Upon the owner's compliance with [Rule F(1)] . . . all claims and proceedings *against the owner* . . . shall cease."). Thus, despite the amendment to 46 U.S.C. App'x 187, the plain language of the statute still applies only to shipowners.

J. Quest, and T.K. Sailing assert that they are not owners of the New Horizons. Nevertheless, they argue, if the court were to find J. Quest, and T.K. Sailing to be owners of the New

---

[1] "[T]he term 'owner' includes a charterer that mans, supplies, and navigates a vessel at the charterer's own expense or by the charterer's own procurement." 46 U.S.C. § 30501.

*Gerace v. Varlack Ventures, Inc., et al.; Moffitt v. Varlack Ventures, Inc., et al.*
Civil No. 2015-74; Civil No. 2016-82
Order
Page 9

Horizons, they too would be entitled to limitation of liability. As such, they argue that the Court would be required to stay any action or proceeding pending against them.

There are two methods by which a shipowner may assert a right to limitation of liability: (1) by filing a limitation complaint and initiating a separate proceeding; or (2) by pleading limitation of liability as an affirmative defense in an answer. *See The Deep Sea Tankers, Ltd. v. the Long Branch*, 258 F.2d 757, 772 (2d Cir. 1958); *The Chickie,* 141 F.2d 80, 85 (3d Cir.1944); *see also Louisiana ex rel. Dep't of Transp. & Dev. v. Kition Shipping Co.*, 653 F. Supp. 2d 633, 645 (M.D. La. 2009). The stay provisions in the Limitation of Liability Act, however, only apply when a shipowner initiates a separate limitation action. *See* 46 U.S.C. § 30511(c). A shipowner is not entitled to a stay when he pleads limitation of liability as an affirmative defense. *See In re Lynx Prod. Servs.*, No. CIV.A. 13-5067, 2014 WL 1378869, at *3 (E.D. La. Apr. 8, 2014) ("Asserting the Limitation Act as an affirmative defense, however, does not afford a party a right of concursus."); *El Paso Prod. GOM, Inc. v. Smith*, 406 F. Supp. 2d 671, 676 (E.D. La. 2005) ("Merely asserting limitation as a defense in a pending action does not bring all claims arising out of the incident together in a

single forum, and it does not stay other actions pending against the ship or its owners.").

Here, Hollis filed a limitation complaint alleging that it was the owner of New Horizons. Hollis did not allege that any other party owned the vessel. The record does not indicate that either J. Quest and T.K. Sailing made an attempt to join Hollis's limitation action, nor does it appear that J. Quest or T.K. Sailing filed a separate complaint for limitation of liability. Instead, in their answer to the Gerace and Moffitt complaints, J. Quest and T.K. Sailing alleged as an affirmative defense that they were entitled to limitation of liability. Accordingly, J. Quest and T.K. Sailing are not entitled to a stay under the Limitation of Liability Act.

This conclusion does not end the Court's inquiry. Even though not required under the Limitation of Liability Act, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Nevertheless, "[a] stay is an extraordinary measure" that should only be resorted to for "compelling reasons." *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994); *cf. Int'l Marine Terminals P'ship v. Hillmore Mar. Inc.*, No. CIV.A. 00-

0250, 2000 WL 351429, at *2 (E.D. La. Apr. 3, 2000) ("[T]he Limitation of Liability Act is very specific about applying only to ship owners. The court-created exceptions are extremely narrow and have been created for situations directly affecting the ship owner.").

Circuit courts have found two circumstances that could present compelling reasons to justify extending stays beyond shipowners and their property. First, where allowing actions against other parties to continue might deplete a shipowners' insurance coverage or the limitation fund. *See Guillot v. Cenac Towing Co.,* 366 F.2d 898, 906 (5th Cir.1966). Second, where allowing actions against other parties to continue might result in inconsistent results that would "have some preclusive effect on issues in the limitation proceeding." *Complaint of Paradise Holdings, Inc.*, 795 F.2d 756, 762 (9th Cir.1986).

Hollis, J. Quest, and T.K. Sailing do not argue that allowing the Gerace and Moffitt actions to continue would deplete Hollis's insurance coverage or in any way effect the limitation fund. Further, while they broadly refer to themselves collectively as the "New Horizons entities," Civil No. 15-74, ECF No. 80 at 3, Hollis, J. Quest, and T.K. Sailing do not argue or explain why any inconsistent results in the Consolidated

Actions would have a preclusive effect on the limitation proceeding.

The premises considered, it is hereby

**ORDERED** that the motion of Hollis, J. Quest, and T.K. Sailing, insofar as it seeks a stay of proceedings in Civil Number 2015-74 and Civil Number 2016-82 against Hollis, is **GRANTED**; it is further

**ORDERED** that all proceedings in Civil Number 2015-74 and Civil Number 2016-82 as against Hollis are **STAYED**; and it is further

**ORDERED** that the motion of Hollis B. Corp., J. Quest, and T.K. Sailing, insofar as it seeks a stay of proceedings against J. Quest, T.K. Sailing, and Varlack, is **DENIED.**

S\_____
    **Curtis V. Gómez**
     **District Judge**